UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $275,905 UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

## PROPERTY SUBJECT TO FORFEITURE AND INTERESTED PARTIES

3.   The property is described as follows: $275,905.00 in United States currency (hereinafter, "seized currency"), which was seized on August 16, 2023 from Issac Gabriel Chavez-Beltran and Ulises Emmanu Contreras-Fanco at a residence in Houston, Texas.

4.   On or about December 29, 2023, Adriana Jones and Howard Miller, et al. submitted a claim through their attorneys, Michael Elsner, Esq. and Samuel F. Mitchell to the Drug Enforcement Agency (hereinafter DEA") contesting administrative forfeiture of the seized Currency. No other person or entity filed a claim with DEA.

## STATUTORY BASIS FOR FORFEITURE

5.   The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

6.   On August 15, 2023, DEA Special Agents and Task Force Officers established surveillance on a residence located in the1500 block of Stonecrest Drive, Houston, Texas. Agents intended to execute a federal post-indictment arrest warrant on Rodrigo Rodriguez-Ocampo (Rodriguez) who was associated with the residence. Rodriguez, Issac Gabriel Chavez-Beltran (Chavez) and Ulises Emmanu Contreras-Fanco (Contreras), were observed leaving the house and driving away in a Mitsubishi sedan. The Mitsubishi sedan was registered to Contreras with a

residence in the 7800 block of Lumber Jack Dr., Houston, Texas. Several agents left the area and a traffic stop of the Mitsubishi was conducted and Rodriguez arrested.

7.   Other agents and task force officers approached the residence on Stonecrest Drive and sought consent to search from its occupants. An individual identified as Edgar Juarez-Mascorro (Juarez) gave the agents written authorization to search the residence, his Lincoln SUV and three cellular phones. During a search of the residence, agents recovered United States currency located in boxes and plastic bags found in the attic and hall closet. In addition to the seized currency, agents recovered approximately two kilograms of cocaine, a digital scale, money counter, vacuum sealing machine with wrappings and money ledgers.

8.   On August 16, 2023, agents conducted surveillance at the residence in the 7800 block of Lumber Jack, Houston, Texas, where Chavez and Contreras lived. Agents observed Chavez and Contreras leave the residence a red Nissan truck registered to Rodrigo Rodriguez-Ocampo. Surveillance continued and with the assistance of the Harris County Sheriff's department, a traffic stop was conducted.[1] During the traffic stop, Chavez and Contreras gave written consent to search the Lumber Jack residence.

9.   During the search agents located a written ledger documenting monetary transactions; a money counter; vacuum sealer with plastic wrap; duct tape; plastic bags containing 77.16 grams of cocaine; and an electronic scale. Another two plastic baggies were found on the kitchen table. The contents of the bags were believed to be "U4" or a derivative of heroin. A firearm was also recovered from the kitchen area. A search of the attic resulted in the discovery of bundles of U.S. currency totaling $275,905. Chavez and

---

[1] Agents had prior knowledge from their encounter with Chavez and Contreras on August 15, 2023 that neither had a driver's license. This information was provided to the Harris County Sheriff's Department.

Contreras were arrested by the Harris County Sheriff's Department.

10.   On August 25, 2023, DEA Task Force Officers (TFOs) interviewed Rodrigo Rodriguez-Ocampo in the presence of his attorney. Rodriguez stated that he was responsible for coordinating the receipt of drugs coming from the McAllen, Texas area and the receipt and delivery of proceeds from drug sales. Rodriguez was unaware that TFOs had already recovered $275,905 from the Lumber Jack residence and told the TFOs that drug trafficking proceeds could be found in the attic. The residences on Stonecrest Drive and Lumber Jack were locations that he was renting on behalf of the drug trafficking organization, and Juarez, Chavez and Contreras maintained the locations.

## CONCLUSION

Based on the foregoing facts, there is probable cause to believe that the seized currency was intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first

day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria, Laredo, Texas, 78040. A copy must also be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## **RELIEF REQUESTED**

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

 /s/ Mary Ellen Smyth_____
Mary Ellen Smyth
Assistant United States Attorney
Texas Bar: 18779100
SDTX Admission: 31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78040
Ofc: 956-723-6523-9571
Email: Mary.Ellen.Smyth@usdoj.gov

## **VERIFICATION**

I, Jason B. Rogers, a law enforcement officer employed by the Drug Enforcement Administration (DEA) as a Federal Task Force Officer, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 6-10 are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the ___1___ day of __April__ 2024.

_____
Jason B. Rogers,
Task Force Officer
Drug Enforcement Administration